No. 24-6906

IN THE

# United States Court of Appeals for the Ninth Circuit

STEVEN PRYOR, SHANE SCHEIB, SABRINA SINGLETON, SILVIA CORTEZ, BRIAN O'CONNOR, AND KELLY ROGERS, KAYLA DREVENAK, AMANDA EDWARDS, SUSAN FERRYMAN, TAYLOR GROSE, KATHRINE HULSEY, DEE R. INGLEHART, AMY JENKINS, STORMY LINGER, SANDRA HUNDLEY, JUSTIN MIEIR, LISA, MIKEC, LOUSHANDRA VAUGHN, BRITTNEY WOOD, AND CRYSTAL LINGER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellees*,

MARIAM "MABEL" BROWN AND DAVID LOPEZ,

*Objectors-Appellants*,

v.

BLACKHAWK NETWORK, INC. D/B/A BLACKHAWK ENGAGEMENT SOLUTIONS,

*Defendant-Appellee*,

On Appeal from the
United States District Court for the
Northern District of California
Case No. 3:22-cv-07084-CRB
Hon. Charles R. Breyer

## PLAINTIFFS APPELLEES' ANSWERING BRIEF

Kiley L. Grombacher
Lisa Johnston Nicholes
BRADLEY/GROMBACHER LLP
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone:  (805) 270-7100
kgrombacher@bradleygrombacher.com
ljnicholes@bradleygrombacher.com

Terence R. Coates
Dylan J. Gould
Justin Charles Walker
MARKOVITS STOCK
& DEMARCO, LLC
119 E. Court Street Suite 530
Cincinnati, OH 45202
Telephone: 513-651-3700
tcoates@msdlegal.com
dgould@msdlegal.com
jwalker@msdlegal.com

*Counsel for Plaintiffs-Appellees*
(*Additional counsel on next page*)

M. Anderson Berry
Gregory Haroutunian
CLAYEO C. ARNOLD
A Professional Law Corporation
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
aberry@justice4you.com
gharoutunian@justice4you.com

Scott Edward Cole
Laura Grace Van Note
COLE & VAN NOTE
555 12th Street, Suite 2100
Oakland, CA 94607
Telephone: (510) 891-9800
sec@colevannote.com
lvn@colevannote.com

*Counsel for  Plaintiffs-Appellees*

# TABLE OF CONTENTS

INTRODUCTION................................................................................1

JURISDICTIONAL STATEMENT................................................4

ISSUES PRESENTED........................................................................6

STATEMENT OF THE CASE............................................................7

    1.    Procedural History .................................................... 8

SUMMARY OF THE ARGUMENT..............................................15

STANDARD OF REVIEW..............................................................19

ARGUMENT....................................................................................19

    1.    **The Three Main Factors Which Courts Within the Ninth Circuit Apply in Determining Whether to Require Class Action Objectors to Post a Rule 7 Bond Weigh Heavily in Favor of a Bond** .............. 19

        a.    **Objectors-Appellants Have Not Established that They are Financially Unable to Post a $15,000 Bond**...........................20

        b.    **There is a Significant Risk that Objectors-Appellants Will Not Pay Plaintiffs-Appellees' Costs on Appeal** ......................21

        c.    **Objectors-Appellants' Appeal is Meritless and Frivolous**....22

    2.    **$15,000 is An Appropriate Bond Amount** ..........................................25

        a.    **The $15,000 Bond Was Not Intended As a Barrier to Objectors-Appellants' Appeals, Nor Has It Blocked Them From Pursuing Their Baseless Appeals**...................................28

    3.    **Objectors-Appellants Appeal on the Merits Should Be Dismissed for Their Failure to Proffer Any Amount Toward the Appeal Bond** .....31

CONCLUSION..................................................................................33

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*A & M Records, Inc. v. Napster, Inc.,*
    239 F.3d 1004 (9th Cir. 2001)..........................................................4-5

*Adsani v. Miller,*
    139 F.3d 67 (2d. Cir. 1998)...........................................................4, 19

*Azizian v. Federated Dept. Stores, Inc.*
    499 F.3d 950 (9th Cir. 2007)............................................. 4, 5, 19, 32

*Brokerage Antitrust Litig.,*
    2007 WL 1963063 (D N.J. July 2, 2007)..........................................18

*Cohen v. Beneficial Industrial Loan corp.,*
    337 U.S. 541 (1949)............................................................................5

*Figure Eight Holdings, LLC v. Dr. Jay's, Inc.,*
    No. CV 10-7828 R (AJWX), 2012 WL 12893450 (C.D. Cal. June 18, 2012) . 18, 20

*Figure Eight Holdings, LLC v. Dr. Jays, Inc.,*
    534 F. App'x 670 (9th Cir. 2013) ....................................... 18, 25, 32

*Fleury v. Richemont N. Am., Inc.,*
    No. C-05-04525-EMC, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008)..... 16, 21, 22

*In re American President Lines, Inc.,*
    779 F.2d 714 (D.C. Cir. 1985). ........................................................30

*In re Blackhawk Network Data Breach Litig.,*
    No 3:22-CV-07492-CRB, 2024 WL 4700634 (N.D. Cal. Nov. 5, 2024))........13

*In re Cardizem CD Antitrust Litig.,*
    391 F.3d 812 (6th Cir. 2004)....................................... 27, 28, 31, 32

*In re First Cap. Holdings Corp. Fin. Prods. Sec. Litig.,*
    33 F.3d 29 (9th Cir. 1994)................................................................24

*In re Hydroxycut Mktg. & Sales Practices Litig.,*
    Nos. 09-md-2087 BTM (KSC) and 09-cv-1088 BTM (KSC), 2013 WL 5275618
    (S.D. Cal. Sept. 17, 2013) ...............................................................28

*In re MagSafe Apple Power Adapter Litig.,*
    No. C 09-01911 JW, 2012 WL 12921301  (N.D. Cal. July 6, 2012)...............11

*In re Netflix Priv. Litig.*,
    No. 5:11-CV-00379-EJD, 2013 WL 6173772  (N.D. Cal. Nov. 25, 2013).. 11, 21, 25

*In re Wachovia Corp. Pick-A-Payment Mortg. Mktg. & Sales Pracs. Litig.*,
    No. 09-md-2015-JF, 2011 WL 3648508 (N.D. Cal. Aug. 18, 2011 .................25

*Jabbari V. Wells Fargo & Co.*,
    No. 15-cv-2159-VC, 2018 WL 11024841 (N.D. Cal. June 13, 2018)..............17

*James v. Uber Techs. Inc.*,
    No. 19-CV-06462-EMC, 2022 WL 6468665 (N.D. Cal. Oct. 10, 2022) .. 21, 22

*Lindsey v. Normet*,
    405 U.S. 56 (1972)...................................................................................29

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)................................................................................24

*O'Day v. George Arakelian Farms, Inc.*,
    536 F.2d 856 (9th Cir. 1976),................................................................29

*Padgett v. Loventhal*,
    No. 5:04-cv-03946, 2015 WL 4240804 (N.D. Cal. July 13, 2015).................21

*Schulken v. Washington Mut. Bank*,
    No. 09-CV-02708-LHK, 2013 WL 1345716 (N.D. Cal. Apr. 2, 2013)..... 20, 22

*Senne v. Kansas City Royals Baseball Corp.*,
    No. 14-CV-00608-JCS, 2023 WL 4238509 (N.D. Cal. June 27, 2023) ...........16

*Simulnet East Associates v. Ramada Hotel Operating Co.*,
    37 F.3d 573 (9th Cir. 1994)....................................................................30

*Tait v. BSH Home Appliances Corp.*,
    No. CV 10-711-DOC, 2015 WL 12748268 (C.D. Cal. Oct. 19, 2015)............18

*Tennille v. W. Union Co.*,
    774 F.3d 1249 (10th Cir. 2014)................................................................5

*Vaughn v. American Honda Motor Co., Inc.*,
    507 F.3d 295 5th Cir. 2007) ....................................................................29

*Walczak v. EPL Prolong, Inc.*,
    198 F.3d 725 (9th Cir. 1999);..................................................................4

## **Rules**

Fed. R. App. P. 7.................................................................................*passim*

Fed. R. App. P. 38..................................................................................11, 19

## **Statutes**

28 U.S.C. § 1291........................................................................................5

28 U.S.C. § 1912.................................................................................11, 19

## **Other Authority**

*Federal Practice & Procedure* § 3949.1 (4th ed. Sept. 2014)......................................5

# INTRODUCTION

This appeal arises out of an order requiring Objectors-Appellants to post an appeal bond under Rule 7 of the Federal Rules of Appellate Procedure ("Rule 7") to ensure that Plaintiffs-Appellees will be compensated for costs associated with defending a meritless appeal. Here, the District Court granted Plaintiffs-Appellees' request to require Objectors-Appellants Mariam/Miriam/Marian[1] "Mabel" Brown and Sr. David Lopez ("Objectors-Appellants") to post a $15,000 appeal bond under Rule 7 in response to a separate appeal on the merits, Ninth Circuit Case No. 24-4326, wherein Objectors-Appellants' have appealed a Class Settlement on behalf of a Settlement Class to which they are not a part and which does not affect their rights. Plaintiffs-Appellees Steven Pryor, Shane Scheib, Sabrina Singleton, Silvia Cortez, Brian O'Connor, and Kelly Rogers (collectively, "Plaintiffs-Appellees"), on behalf of themselves and on behalf of the Settlement Class respectfully submit this Answer to the Informal *Pro Se* Brief for the Objector[s]-Appellants in Ninth Circuit Case No. 24-6906. In its well-reasoned Order Regarding Appeal Bond (1-ER-003-006), the District Court imposed a $15,000 appeal bond on Objectors-Appellants to shield

---

[1] Ms. Brown's precise identity remains unknown. Ms. Brown has identified herself in her Court filings in three different ways, including identifying herself differently on the same document: (1) "Mariam 'Mabel' Brown" (Objectors-Appellants' Excerpts of the Record caption page, Ninth Circuit Case No. 24-6906; 1-ER-008; 1-ER-062); (2) "Miriam 'Mabel' Brown" (Informal *Pro Se* Brief, Ninth Circuit Case No. 24-6906; 1-ER-007, 1-ER-024; 1-ER-114); and (3) "Marian 'Mabel' Brown" (1-ER-024).

1

Plaintiffs-Appellees from the risks of absorbing costs associated with protecting the Class Settlement in Ninth Circuit Case No. 24-4326, D.C. No. 3:22-cv-07084-CRB Northern District Of California, San Francisco against the relentless, unfounded, and untimely attacks of Objectors-Appellants, who are not even members of the Settlement Class.

The District Court acted within its discretion when it ordered Objectors-Appellants jointly and severally liable for posting a Rule 7 bond. <u>First</u>, Objectors-Appellants have not shown—nor have they ever argued—that they are financially unable to post a $15,000 bond. <u>Second</u>, considering Ms. Brown's unknown identity and Objectors-Appellants' residences far outside of the Ninth Circuit's jurisdiction (Ms. Brown has a Rhode Island Post Office Box but she states that she is Nicaraguan, and Mr. Lopez has a Mexico mailing address (1-ER-066 n. 2.)), the risk is high that Objectors-Appellants would not pay Plaintiffs-Appellees' costs if (and when) Objectors-Appellants lose both of their appeals. <u>Third</u>, both appeals are baseless. In regards to their merits appeal, Objectors-Appellants do not have standing to object to a Class Settlement to which they are not a part because their personally identifiable information ("PII") was not involved in the underlying data breach which occurred on Defendant-Appellee Blackhawk Network, Inc.'s ("Defendant-Appellee") cybernetwork and exposed Settlement Class Members' PII. Importantly, Objectors-Appellants do not even claim that their PII was implicated in the

2

underlying data breach, but rather that Defendant-Appellee has "stolen" money from them (1-ER-005)—a claim which is distinctly different from the claims asserted by Settlement Class Members.

The District Court's Order Regarding Appeal Bond is reviewed for abuse of discretion and, respectfully, must now be affirmed by this Court. The $15,000 bond is appropriate and the amount is reasonable. The District Court and other courts "have found $15,000 to be a reasonable amount for an appeal bond in cases like this one." (1-ER-006 (collecting cases).) The District Court acted within its discretion.

Furthermore, in the circumstances of this case, Plaintiffs-Appellees respectfully request that the Court exercise its sound discretion and dismiss Objectors-Appellants' appeal on the merits (Ninth Circuit Case No. 24-4326) for their failure to post the $15,000 bond. Objectors-Appellants have not proffered *any* amount toward an appeal bond, nor have they provided any reasonable justification for their complete and total disregard of the District Court's Order Regarding Appeal Bond.

Plaintiffs-Appellees request oral argument pursuant to Rule 34 of the Federal Rules of Appellate Procedure because Plaintiffs-Appellees believe that the decision-making process will be significantly aided from direct interaction with Counsel and, most especially, with Objectors-Appellants who have yet to be seen by the Court or by Counsel.

## JURISDICTIONAL STATEMENT

Rule 7 sets forth the standard that governs appeal bonds. Rule 7 empowers district courts to order an appellant to post a bond. Rule 7 reads: "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form or amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The district court acted within its discretionary authority when it ordered Objectors-Appellants jointly and severally responsible for posting a $15,000 Rule 7 bond. *See Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 954-955 (9th Cir. 2007) (citing Rule 7) (Rule 7 provides that "'the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payments of costs on appeal.'"); *Adsani v. Miller*, 139 F.3d 67, 79 (2d. Cir. 1998) ("The power to impose an appeal bond under Rule 7 has been specifically given to the discretion of the district court.").

This Court has jurisdiction to rule on Objectors-Appellants' appeal of the Order Regarding Appeal Bond. <u>First</u>, this Court has an established history of reviewing objections to bond orders issued by district courts within the Ninth Circuit. *See, e.g., Walczak v. EPL Prolong, Inc.*, 198 F.3d 725 (9th Cir. 1999); *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1028 (9th Cir. 2001) (as amended); *Azizian v. Federated Dept. Stores, Inc*, 499 F.3d at 955.

4

Second, this Court has jurisdiction because the District Court "made posting the appeal bond a condition of [Objectors-Appellants] pursuing their merits appeal[] challenging the [C]lass [S]ettlement." *Tennille v. W. Union Co.*, 774 F.3d 1249, 1253 (10th Cir. 2014). (1-ER-006 (Objectors-Appellants "are jointly and severally responsible for posting a single bond in the amount of $15,000 within ten business days.").) "Such an order is one entered 'in aid of the appellate court's jurisdiction' to consider the merits appeal[], and is thus reviewable as part of the underlying merits appeal[]." *Tennille*, 774 F.3d at 1253 (quoting 16A Charles Alan Wright et al., *Federal Practice & Procedure* § 3949.1 (4th ed. Sept. 2014)).

Third, "even when considered apart from the merits appeal[], the [D]istrict [C]ourt's [Order Regarding Appeal Bond] is a final order ending the post-judgment bond proceeding and is thus appealable under 28 U.S.C. § 1291." *Id.* (cleaned up).

Fourth, even if the Order Regarding Appeal Bond is not a final decision, "that bond order would still be appealable as one of a small class of collateral rulings" that are "sufficiently final to satisfy [28 U.S.C. § 1291]." *Id.* (internal quotations omitted) (collecting cases) (quoting *Cohen v. Beneficial Industrial Loan corp.*, 337 U.S. 541 (1949)).

In summary, this Court's jurisdiction to hear this appeal is well-settled.

## ISSUES PRESENTED

1. Did the District Court abuse its discretion when it held that Objectors-Appellants, who do not qualify as Settlement Class Members, should be jointly and severally liable for posting a Rule 7 bond considering that: Objectors-Appellants offered no evidence of a financial inability to post the bond in its entire amount; the risk of nonpayment of costs to Plaintiffs-Appellees is grave because Objectors-Appellants reside outside of the District Court's jurisdictional reach (likely outside of the country); and Objectors-Appellants is meritless because their PII was not involved in the data breach on Defendant-Appellee's cybernetwork and because they seek recovery for claims which are distinctly different from the claims of the Settlement Class?

2. Did the District Court abuse its discretion when it ordered Objectors-Appellants to post an appeal bond in the amount of $15,000 after the District Court carefully considered: the unique circumstances of the case; a declaration submitted by Counsel for Plaintiffs-Appellees; and decisions from other courts in the Ninth Circuit in similar cases?

3. Should this Court exercise its sound discretion and dismiss Objectors-Appellants' merits appeal because Objectors-Appellants have failed to pay the $15,000 bond—or any lesser amount—and have not provided any good

6

faith justification for their total and willful disregard of the District Court's Order Regarding Appeal Bond?

## STATEMENT OF THE CASE

Defendant-Appellee is a company located in California that operates a website, www.myprepaidcenter.com. This website allows recipients of prepaid cards issued by banks to activate and manage their prepaid cards. In September 2022, unauthorized actors gained access to the PII of certain individuals who had used www.myprepaidcenter.com to activate and manage their prepaid cards ("Subject Data Incident"). (1-ER-042)

After the Subject Data Incident, Defendant-Appellee has stated that it thoroughly reviewed its records and created a list of those individuals whose PII was made vulnerable by the Subject Data Incident. Defendant-Appellee has represented that neither Objector-Appellant Brown nor Objector-Appellant Lopez were on that list because their respective prepaid cards (and associated data) were not impacted in the Subject Data Incident. (1-ER-042-043.)

On or about October 31, 2022, Defendant-Appellee provided a Notice of Data Breach to those included on its list of affected individuals, including Plaintiffs-Appellees. Defendant-Appellee has declared under oath to the District Court that Objectors-Appellants were not sent Notice of Data Breach because their prepaid cards and data were not involved in the Subject Data Incident. (*Id.*; 1-ER-021-022.)

7

### 1. Procedural History

Plaintiffs-Appellees and Defendant-Appellee reached a Class Settlement Agreement on behalf of the Settlement Class. The Settlement Class is defined as: "All individuals whose Personally Identifiable Information or payment card information (which includes a card account number, the CVV or CVV2 number or equivalent, and/or expiration date) was impacted in Blackhawk Network, Inc.'s [Subject Data Incident]." (1-ER-042.)

On December 15, 2023, the United States District Court for the Northern District of California, the Honorable Charles R. Breyer presiding, preliminarily certified the Settlement. (ER 094-102.) Thereafter, Blackhawk provided the list of affected individuals to whom Notice of Data Breach had previously been sent on or about October 31, 2022 to the settlement administrator, Angeion Group, LLC. (1-ER-042.) Neither Ms. Brown nor Mr. Lopez were on that list because they are not members of the Settlement Class, and were therefore not entitled to notice or to submit objections to the Class Settlement. (1-ER-042-043.)

March 14, 2024, was the established deadline for Settlement Class Members to object to the Settlement. Not a single member of the Settlement Class objected to the Settlement before or after the March 14, 2024 deadline (again, Ms. Brown and Mr. Lopez are not members of the Settlement Class). (1-ER-043.)

8

On March 22, 2024, at the conclusion of the Settlement administration process, Plaintiffs-Appellees filed an unopposed Motion for Final Approval of the Class Action Settlement. (*Id.*.)

On April 16, 2024, Objector-Appellant Brown filed an untimely objection with the District Court. (*Id.*) On April 19, 2024, Objector-Appellant Lopez filed an untimely objection with the District Court. (*Id.*) Objectors-Appellants objected to the Class Settlement's terms and claimed that they could not object earlier because they received late "notice" of the Subject Data Incident. However, the "notice" they refer to were email communications from Defendant-Appellee's customer service representatives in response to Objectors-Appellants' respective email inquiries about the Subject Data Incident and the status of their prepaid cards, not the Notice of Data Breach sent by Defendant-Appellee in October 2022 and the notice sent later by the settlement administrator, Angeion Group, LLC. (1-ER-043.) As to both Ms. Brown and Mr. Lopez, the customer service representative erroneously informed them that their PII was impacted by the Subject Data Incident, when that was not the case. (1-ER-022 n. 1; 1-ER-043.) Again, Objectors-Appellants did not receive notice of the Class Settlement because they are not Class Settlement Members.

On May 31, 2024, the District Court held a final fairness hearing to consider Plaintiffs' Motion for Final Approval of the Class Action Settlement and Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Service Awards to Class

Representative Plaintiffs. *Notably, neither Ms. Brown nor Mr. Lopez made an appearance at the fairness hearing, and no counsel appeared on their behalf.*[2] (1-ER-044.)

On June 3, 2024, the District Court issued its Final Approval Order, wherein it granted final approval of the Class Settlement. On July 5, 2024, Objectors-Appellants filed their Notice of Appeal. (1-ER-024.)

On October 2, 2024, Plaintiffs-Appellees filed a motion at the District Court, requesting that the Court require Objectors-Appellants to post an appeal bond of $15,000 under Rule 7 of the Federal Rules of Appellate Procedure to ensure that Plaintiffs-Appellees can recover their taxable expenses incurred by Objectors-Appellants' unfounded merits appeal. (1-ER-035-056.) In addition to the bond, Plaintiffs-Appellees sought additional limited discovery, including a deposition (remotely, if necessary, for Objectors-Appellants' convenience), to determine whether Objectors-Appellants are Settlement Class Members and to determine their

---

[2] As mentioned above, Ms. Brown has identified herself using three different first names: Mariam, Miriam, and Marian. Her mailing address is a Post Office Box in Providence, Rhode Island and she states that she "is Nicaraguan." (1-ER-066 n. 2.) Ms. Brown's precise identity and location remain unknown. Mr. Lopez has a Mexico mailing address. To date, Ms. Brown and Mr. Lopez have communicated by written word only (i.e., their written filings with the Court and their email correspondence with Plaintiffs-Appellees' Counsel (1-ER-011-013)). Neither Ms. Brown nor Mr. Lopez have appeared in person (or via remote video) to the Court or Counsel.

ability to pay costs when they lose their merits appeal.[3] (1-ER-055-056.)[4] *See, e.g.*, *In re MagSafe Apple Power Adapter Litig.*, No. C 09-01911 JW, 2012 WL 12921301, at *2 (N.D. Cal. July 6, 2012) (ordering class settlement objectors to appear for depositions to establish their membership in the class, and to establish whether they were capable of posting a bond of up to $25,000); *In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013) ("The request for discovery[,]" including depositions, "is proper as it will be used to pursue information regarding Objectors' standing in regards to their appeals and the bases for Objectors' current contentions."). The District Court denied Plaintiffs-Appellees' request for additional discovery without prejudice. (1-ER-003 n. 1.) Plaintiffs-Appellees also requested expedited briefing, which the District Court denied. (1-ER-009-010.)

Plaintiffs-Appellees' based their Rule 7 motion on: (1) Objectors-Appellants' financial ability to pay the bond (they have never made any effort to prove otherwise); (2) the risk of nonpayment of costs after an unsuccessful appeal considering that neither Objector-Appellant lives within the jurisdictional reach of the District Court (let alone the country, most likely); and (3) the frivolous nature of Objectors-Appellants' merits

---

[3] Additionally, Plaintiffs-Appellees reserved the right to seek sanctions against Objectors-Appellants at the Ninth Circuit under Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1912. (1-ER-041 n. 2.)

[4] Plaintiffs-Appellees originally filed their motion for a Rule 7 bond and with a motion to expedite the briefing schedule thereon, on August 29, 2024. (*See* 1-ER-072-073.) Plaintiffs-Appellees subsequently withdrew and refiled these motions due to an inadvertent service error related to Mr. Lopez.

appeal (including, but not limited to, the fact that neither Objector-Appellant is a Settlement Class member). Plaintiffs-Appellees' emphasized the problematic nature of the merits appeal; for example, Ms. Brown's admission that she was objecting to a Class Settlement that she "had not had the chance to review[.]" (1-ER-054.) Plaintiffs-Appellees' request for a $15,000 bond was supported by the sworn Declaration of Kiley L. Grombacher, an experienced class action plaintiffs' lawyer. (1-ER-026-028.)

Mr. Lopez did not file an opposition to Plaintiffs-Appellees' Rule 7 motion with the District Court. In her opposition, Ms. Brown did not provide any proof of financial inability to post the $15,000 bond, did not proffer evidence to address the grave risk of nonpayment (particularly given her inconsistent identity and both Objectors-Appellants' residence well outside the District Court's jurisdiction). Furthermore and notably, as observed by the District Court, Ms. Brown "skirt[ed] the standing issue." (1-ER-005.) Ms. Brown also expressed her staunch opposition to making an appearance for a narrowly-focused deposition to determine her status as a non-class member and to determine her ability to pay costs on appeal. (1-ER-063-064.)

On October 30, 2024—while the District Court's decision on the Rule 7 appeal bond motion was still pending—, Objectors-Appellants filed their Opening Brief titled "Informal *Pro Se* Brief for the Objector-Appellants" with this Court in Ninth Circuit Case No. 24-4326. In their Opening Brief, Objectors-Appellants contend that they have been harmed by the Class Settlement because they believe that they were entitled to,

but did not receive, Notice of Data Breach in October 2022 and notice of the Class Settlement from the settlement administrator. Objectors-Appellants argue that this lack of notice (which they were not entitled to receive in the first place, since they are not Settlement Class Members) rendered them unable to opt-out from the Settlement or to lodge a timely objection to the Class Settlement. In their Answering Brief to Objectors-Appellants' merits appeal (Ninth Circuit Case No. 24-4326, Docket Entry No. 25) Plaintiffs-Appellees demonstrate that Objectors-Appellants' appeal is baseless because, *inter alia*: (1) the Settlement Class satisfies the demands of Rule 23 of the Federal Rules of Civil Procedure (as carefully analyzed by the District Court); (2) Objectors-Appellants lack standing to object or to appeal on behalf of the Settlement Class because their PII was not exposed in the Subject Data Incident and they are, therefore, not members of the Settlement Class; (3) Objectors-Appellants lack standing to object because their claim is that Defendant-Appellee has stolen money from them, not that their PII was exposed in the Subject Data Incident.

On November 5, 2024, the District Court issued its Order Regarding Appeal Bond, wherein the District Court granted Plaintiffs-Appellees' motion for an appeal bond in the amount of $15,000. (1-ER-003-006); also available at *In re Blackhawk Network Data Breach Litig.*, No 3:22-CV-07492-CRB, 2024 WL 4700634 (N.D. Cal. Nov. 5, 2024)). The District Court found that an appeal bond is warranted, reasoning that Objectors-Appellants merits appeal is unfounded because Brown and Lopez are

13

not Settlement Class Members. The District Court observed that "[Plaintiffs-Appellees] rely on Blackhawk's vice president of risk management operations, who declared that neither Brown nor Lopez was impacted by the data breach." (1-ER-004-005.) Critically, the Court found that "Brown and Lopez do not even assert that they were impacted by the data breach; instead, Brown says she 'lost a lot of money because Blackhawk stole the funds on [her] card and kept them' and Lopez says only that he 'lost over $3000 due to Blackhawk[.]" (1-ER-005 (cleaned up).) "Those assertions, even if true," the District Court correctly concluded, "do not make Brown and Lopez members of the settlement class." (1-ER-005.)

The District Court also found that neither Objector-Appellant offered "any evidence that they would be unable to post a bond" and that the distant geographical residences of each Objector-Appellant heightens the risk of nonpayment by Objectors-Appellants for Plaintiffs-Appellees' appellate costs if Objectors-Appellants' merits appeal failed.[5] Both factors "weigh[] in favor of a bond." (1-ER-004.)

Lastly, to set the bond amount, the District Court considered the circumstances of this case, the Declaration of Plaintiffs-Appellees' Counsel submitted concurrently with the motion for a Rule 7 bond, and examined relevant case law. After careful analysis, the District Court concluded that $15,000 is "a reasonable amount for an

---

[5] Plaintiffs-Appellees now face the risk of nonpayment for costs associated with defending against Objectors-Appellants' two appeals: Objectors-Appellants' merits appeal and their appeal of the Order Regarding Appeal Bond.

14

appeal bond in cases like this one." (1-ER-006 (collecting cases).)

On November 6, 2024, Objectors-Appellants filed a joint Notice of Appeal, seeking reversal of the Order Regarding Appeal Bond. (1-ER-114.)

To date, Objectors-Appellants have disregarded the District Court's Order Regarding Appeal Bond in its entirety. Objectors-Appellants have not proffered the $15,000 appeal bond. Objectors-Appellants did not seek a stay in the district court. Objectors-Appellants have not made a good faith offer to proffer a lesser amount, nor have they provided any declarations regarding their financial inability to pay the ordered bond amount. They have not offered any justification for their complete noncompliance with the District Court's Order Regarding Appeal Bond. Given these circumstances, dismissal of Objectors-Appellants' merits appeal and affirmance of the Order Regarding Appeal Bond are appropriate.

## SUMMARY OF THE ARGUMENT

Rule 7 of the Federal Rules of Civil Procedure reads as follows: "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The District Court acted within its discretion when it imposed a $15,000 appeal bond on Objectors-Appellants.

15

In their Opening Brief, Objectors-Appellants grossly mischaracterize the District Court's Order Regarding Appeal Bond as a means by which to "penalize [Objectors-Appellants] for appealing." (Objectors-Appellants' Opening Brief, appealing the Order Regarding Appeal Bond p. 15.) Objectors-Appellants misstate both the purpose of Rule 7 bonds and the District Court's well-reasoned holding.

Congress intended appeal bonds to protect appellees "against the risk of nonpayment by an unsuccessful appellant." *Fleury v. Richemont N. Am., Inc.*, No. C-05-04525-EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (cleaned up). The "question of the need for a bond, as well as its amount, are left in the discretion of the trial court." *Id.* (citing Fed. R. App. P. 7, 1979 advisory committee notes); *see also Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2023 WL 4238509, at *1 (N.D. Cal. June 27, 2023) (same).

The District Court acted within its authority when it found Objectors-Appellants jointly and severally liable to post a $15,000 appeal bond. Contrary to Objectors-Appellants' ill-founded assertion, the District Court did not simply "rubber stamp" Plaintiffs-Appellees' request for a $15,000 Rule 7 bond. (Objectors-Appellants' Opening Brief, appealing the Order Regarding Appeal Bond p. 16.) Nor did the District Court approve of "exaggerated and flagrantly multiplied" costs, or otherwise conduct itself in such a way that necessitates a "strong rebuke" from this Court. (*Id.*) Rather, the Honorable Charles R. Breyer—a highly-esteemed, experienced jurist—imposed the

$15,000 bond only after engaging in a thorough analysis, wherein the District Court considered each of the following factors: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay the appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown bad faith or vexatious conduct." (1-ER-004 (citing *Jabbari V. Wells Fargo & Co.*, No. 15-cv-2159-VC, 2018 WL 11024841, at *7 (N.D. Cal. June 13, 2018)).) The District Court also considered the decisions of other district courts in similar circumstances and the sworn declaration of Plaintiffs-Appellees' Counsel.

The first factor supports a bond because Objectors-Appellants have not offered any evidence that they are unable to post the ordered bond. (1-ER-004.)

The second factor supports a bond because Objectors-Appellants reside outside of the Northern District of California, the State of California, and most likely the country (Ms. Brown states that she is Nicaraguan, and Mr. Lopez has a Mexico mailing address). (1-ER-004; 1-ER-066 n. 2.)

The third factor supports a bond because Objectors-Appellants PII was not affected by the Subject Data Incident (and therefore they are not Settlement Class Members) and because Objectors-Appellants seek relief for claims which are uniquely distinct from the claims of the Settlement Class—i.e., that Defendant-Appellee has stolen money from them, not that their PII was exposed in the Subject Data Incident. (1-ER-005.)

17

As to the fourth factor, the District Court held that Objectors-Appellants "have not acted in bad faith by bringing their [merits] appeal, misguided or baseless as it may be." (1-ER- 005.) However, a bond is still warranted because bad faith or vexatious conduct are not necessary prerequisites to imposing a bond and the other three factors weigh in favor of imposing an appeal bond in this case. (1-ER-006 (internal quotations omitted) (citing *Figure Eight Holdings, LLC v. Dr. Jay's, Inc.*, No. CV 10-7828 R (AJWX), 2012 WL 12893450, at *2 (C.D. Cal. June 18, 2012), *aff'd sub nom. Figure Eight Holdings, LLC v. Dr. Jays, Inc.*, 534 F. App'x 670 (9th Cir. 2013)).)

Moreover, a bond in the amount of $15,000 is appropriate considering the circumstances of this case. (1-ER-006.) Plaintiffs-Appellees were not required to "provide an itemized breakdown of the anticipated appellate costs" as a prerequisite to the District Court requiring a bond in the amount of $15,000. *Tait v. BSH Home Appliances Corp.*, No. CV 10-711-DOC, 2015 WL 12748268, at *2 (C.D. Cal. Oct. 19, 2015) (citing *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 1963063 (D N.J. July 2, 2007) (the plaintiff was "not required to make sort of delineated showing of costs for a bond motion")). The declaration of an experienced class action plaintiffs' attorney and the guidance from other district courts in similar cases are sufficient to substantiate the $15,000 bond.

Finally, Objectors-Appellants have failed to pay the $15,000 appeal bond, and have failed to proffer any lesser amount. Objectors-Appellants have provided no

justification at all for their failure to post the $15,000 bond, or to post a good faith amount. "Where an appellant has failed to pay an appeal bond, it is within [this Court's] sound discretion to dismiss the appeal." *Azizian*, 499 F.3d at 961. Plaintiffs-Appellees respectfully request that the Court exercise its sound discretion to dismiss Objectors-Appellants' merits appeal. Plaintiffs-Appellees reserve the right to pursue sanctions against Objectors-Appellants under Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1912 upon dismissal of the merits appeal and affirmance of the Order Regarding Appeal Bond.

## STANDARD OF REVIEW

Generally, this Court reviews challenges to the amount of a bond for abuse of discretion. *Azizian*, 499 F.3d at 955 (cleaned up). Any questions of law in the appeal are reviewed de novo. *Id.* at 956 (citing *Adsani*, 139 F.3d at 71).

## ARGUMENT

**1.    The Three Main Factors Which Courts Within the Ninth Circuit Apply in Determining Whether to Require Class Action Objectors to Post a Rule 7 Bond Weigh Heavily in Favor of a Bond**

Objectors-Appellants' Opening Brief, appealing the Order Regarding Appeal Bond, is silent as to the factors the District Court correctly applied in determining whether to require an appeal bond. Those factors are: (1) Objectors-Appellants' financial ability to post bond; (2) the risk that Objectors-Appellants will not pay the costs if they lose the appeal; and (3) the likelihood that Objectors-Appellants will

19

lose the appeal and be subject to costs. *Senne*, 2023 WL 4238509, at *1 (citing *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013)). As already articulated, evidence of bad faith or vexatious conduct is not required to support the imposition of a Rule 7 bond. *Figure Eight Holdings, LLC*, 2012 WL 12893450, at *2

Objectors-Appellants appear to concede that a Rule 7 bond was appropriately imposed. They do not dispute the District Court's analysis regarding their financial ability to pay the bond, the risk of nonpayment posed to Plaintiffs-Appellees, or the meritless nature of their appeal—particularly that their claims that Defendant-Appellee has stolen their money do not align with Class Members' claims of exposed PII.

Nevertheless, Plaintiffs-Appellees will review the foregoing three factors here. A closer look at each of these considerations demonstrates why the appeal bond is necessary and why the $15,000 bond amount is reasonable and appropriate.

### a. Objectors-Appellants Have Not Established that They are Financially Unable to Post a $15,000 Bond

Objectors-Appellants must supply evidence of their inability to post a bond. *Senne*, 2023 WL 4238509, at *2. It is insufficient to rely on belief or assumptions that Objectors-Appellants "are not financially well-off." *Id*. Nor would it be sufficient for Objectors-Appellants to merely "contend that the appeal bond would

20

be burdensome." *In re Netflix Privacy Litig.*, 2013 WL 6173772, at *3. Bare assertions of inability to pay are insufficient to avoid payment of bond by an objector to a settlement who desires to appeal the settlement and delay relief to the class. *Fleury*, 2008 WL 4680022, at * 7.

Ms. Brown and Mr. Lopez have not provided a shred of evidence regarding their financial inability to post a $15,000 bond, nor have they even raised that argument—not to the District Court (1-ER-004) or to this Court. Absent evidence of any "specific financial information" (*Senne*, 2023 WL 4238509, at *2) to demonstrate that posting a bond would impose a substantial hardship, this factor weighs in favor of granting Plaintiffs-Appellees' request for a Rule 7 bond. *See Padgett v. Loventhal*, No. 5:04-cv-03946, 2015 WL 4240804, at *3 (N.D. Cal. July 13, 2015) (the appellee must contend and submit clear evidence showing an inability to post a bond for this factor to weigh against the imposition of a bond).

The District Court correctly concluded that the financial ability factor weighs in favor of imposing a $15,000 bond.

### b.  There is a Significant Risk that Objectors-Appellants Will Not Pay Plaintiffs-Appellees' Costs on Appeal

"The second factor, risk of non-payment, weighs in favor of granting an appeal bond when collecting costs after a failed appeal would be difficult." *James v. Uber Techs. Inc.*, No. 19-CV-06462-EMC, 2022 WL 6468665, at *4 (N.D. Cal. Oct. 10, 2022) (citing *Fleury*, 2008 WL 4680033, at *7). Courts have frequently observed

21

that it is more difficult to collect, and thus an appeal bond is likely appropriate, when "an objector resides outside of the state or circuit where an appeal was filed." *Id.* (citing *Fleury*, 2008 WL 4680033, at *7 (finding the risk of non-payment favored granting the bond because the objector did not reside in California or the Ninth Circuit); *see also Schulken*, 2013 WL 1345716, at *5 ("[C]ourts in the Northern District have recognized that collecting costs from out of state appellants may be difficult.").

Here, the risk of nonpayment is significant. Ms. Brown's true first name remains a mystery and her exact location of residence is unknown, as she possesses a Post Office Box in Rhode Island but describes herself as Nicaraguan. Mr. Lopez has a Mexico mailing address. The District Court reasonably concluded that the second factor weighs in favor of imposing a bond because Objectors-Appellants reside outside the Northern District of California, outside the State of California, and likely outside of the country. (1-ER-004.) *See James*, *Inc*, 2022 WL 6468665, at *4 (explaining that it is more difficult to collect when "an objector resides outside of the state or circuit where an appeal was filed).

### c.    Objectors-Appellants' Appeal is Meritless and Frivolous

The fruitlessness of Objectors-Appellants' merits appeal was paramount to the District Court's analysis. The focal point of Objectors-Appellants' objection and appeal is their argument that they did not receive proper notice of the Settlement. Fatal

22

to this position is the fact neither Ms. Brown nor Mr. Lopez are members of the Settlement Class because their PII was not exposed in the Subject Data Incident. (1-ER-021.) As a result, Objectors-Appellants were not entitled to Notice of Data Breach from Defendant-Appellee in October 2022 or to notice of the Class Settlement from the settlement administrator. They do not have standing to object to the Class Settlement or to appeal the Class Settlement because their rights are not impacted in any way by the Class Settlement.

Objectors-Appellants' claim that they received late "notice" is false. Both Ms. Brown and Mr. Lopez submitted an email to Defendant-Appellee's customer service, requesting information about the status of their prepaid cards. They each received an email which <u>incorrectly</u> informed them that their PII was involved in the Subject Data Incident. (1-ER-022.) Objectors-Appellants' mistakenly characterize these erroneous communications from Defendant-Appellee's customer service representatives as "notice." As Plaintiffs-Appellee's explain more fully in their Answering Brief in the merits appeal, Defendant-Appellee has repeatedly represented to the District Court, a Mediator, Federal and State Officials in the United States Government, and Plaintiffs-Appellees' Counsel that it: (1) engaged in a robust review of its records and competently identified those individuals whose PII was affected by the September 2022 Subject Data Incident; (2)  provided notice of the irregular activity to law enforcement and to individuals affected by the Subject Data Incident (i.e., Notice of Data Breach) in

23

October 2022; and (3) supplied the list of individuals affected by the Subject Data Incident—to whom Notice of Data Breach had previously been sent on or about October 2022—to the settlement administrator Angeion Group, LLC. Defendant-Appellee has submitted sworn declarations and Defendant-Appellee's Counsel have filed papers with the District Court and this Court, verifying time and again that "neither Ms. Brown nor Mr. Lopez is a class member entitled to object to the class settlement proposal." (1-ER-021.)

Additionally, as the District Court aptly observed, Objectors-Appellants seek relief for claims which are distinct from the claims of the Settlement Class. "Brown and Lopez do not even assert they were impacted by the data breach[.]" (1-ER-005.) Instead, the Objectors-Appellants claim that they have lost money because Blackhawk has stolen funds on their cards and kept those funds. (*Id.*) "Those assertions, even if true, do not make Brown and Lopez members of the settlement class." (*Id.*) *See also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 567-571 (1992) (plaintiffs lacked standing in part because injury asserted was not redressable by the action brought); *In re First Cap. Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) (same).

The District Court reasonably concluded that this factor weighs in favor of a bond. Therefore, a Rule 7 bond was properly imposed upon Objectors-Appellants and the $15,000 bond amount is appropriate in these circumstances.

## 2.   $15,000 is An Appropriate Bond Amount

The District Court acted within its discretion when it ordered Objectors-Appellants jointly and severally liable to post a $15,000 Rule 7 bond. The District Court imposed a $15,000 bond after it had carefully considered the complicated circumstances of this case. As the District Court observed, "courts have found $15,000 to be a reasonable amount for an appeal bond in cases like this one." (1-ER-006 (citing *Tait*, 2015 WL 12748268, at *2; *In re Wachovia Corp. Pick-A-Payment Mortg. Mktg. & Sales Pracs. Litig.*, No. 09-md-2015-JF, 2011 WL 3648508, at *1 (N.D. Cal. Aug. 18, 2011) ($15,000 bond appropriate even when objector-appellant had limited resources)).) Indeed, a large body of case law from this Court, other appellate courts, and from district courts within the Ninth Circuit evince that bonds are commonly imposed in comparable, or even greater, amounts under similar circumstances. *See, e.g.*, *Figure Eight Holdings, LLC v. Dr. Jays, Inc.,* 534 F. App'x 670, 670-671 (9th Cir. 2013) (emphasis added) (affirming $50,000 bond after considering, among factors, the "<u>risk that [plaintiff] would not pay the costs</u>" if the plaintiff lost and "<u>an assessment of the likelihood that [plaintiff] will lose</u>"); *Mankaruse v. Raytheon Co.*, 855 F. App'x 728, 734 (Fed. Cir. 2021) (affirming $25,000 bond against a *pro se* litigant); *Senne*, 2023 WL 4238509, at *5 (ordering a $24,000 Rule 7 bond); *In re Netflix Privacy Litig.*, 2013 WL 6173772, at *3 (requiring each objector to the class settlement to post a $21,519 bond); *In re*

25

*Wachovia Corp. Pick-A-Payment Mortg. Mktg. & Sales Pracs. Litig.*, No. 5:09-MD-02015-JF PSG, 2011 WL 3648508, at *2 (N.D. Cal. Aug. 18, 2011) (estimating costs at $15,000 and imposing a $15,000 appeal bond).

When requesting a Rule 7 bond, Plaintiffs-Appellees estimated that their costs associated with Objectors-Appellants' merits appeal alone would be at least $15,000. (1-ER-027.) The request was supported by the sworn declaration of an experienced class action plaintiffs' lawyer, who stated under penalty of perjury that $15,000 was a reasonable cost estimate for the merits appeal. (*Id.*) *See Zakikhani v. Hyundai Motor Co.*, No. 8:20-CV-01584-SB-JDE, 2023 WL 9420118, at *2 (C.D. Cal. Dec. 14, 2023) (finding that the declarations submitted by counsel who were experienced class action plaintiffs' lawyers sufficiently substantiated the plaintiffs' estimated costs for the Rule 7 appeal bond). Objectors-Appellants are mistaken when they argue that the bond is excessive simply because the District Court did not require Plaintiffs-Appellees to submit a list of itemized potential costs. (Objectors-Appellants' Opening Brief, appealing the Order Regarding Appeal Bond p. 15.) That is not what the law requires. Quite the opposite: the party seeking the appeal bond is <u>not</u> required to "provide an itemized breakdown of the anticipated appellate costs." *Tait*, 2015 WL 12748268, at *2.

A $15,000 appeal bond was appropriate at the time the District Court issued its Order Regarding Appeal Bond, which was before Objectors-Appellants filed their

second appeal (the instant appeal). Now that Plaintiffs-Appellees have been required to bear the costs associated with not one—but two—appeals by Objectors-Appellants, the $15,000 bond amount is a conservative figure. Plaintiffs-Appellees have borne all costs in defending against Objectors-Appellants' appeals without any assurance that their costs will be reimbursed, including: (1) the costs associated with defending Objectors-Appellants' merits appeal, which has included, *inter alia*, the unanticipated submission of printed and bound copies of Plaintiffs-Appellees' Answering Brief and Supplemental Excerpts of Record per the Court's request (Ninth Circuit Case No. 24-4326, Docket Entry No. 28); and (2) the additional, unexpected costs associated with defending Objectors-Appellants' appeal of the Order Regarding Appeal Bond, which may also include additional costs such as, *inter alia*, printed and bound copies of this Answering Brief.

Moreover, Objectors-Appellants have shown a complete disregard towards the Order Regarding Appeal Bond, failing to demonstrate any good faith by, for example: seeking a stay; proffering a lesser bond amount; or providing verifiable financial or other reasonable justification to explain their nonpayment. Objectors-Appellants' dissatisfaction with the Order Regarding Bond or the bond amount itself does not excuse their failure to make any effort to comply with an Order from the Court. "[Litigants] cannot ignore an order setting an appeal bond without consequences to [their] appeal[s]." *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812,

27

818 (6th Cir. 2004). Objectors-Appellants attempts to downplay the costs associated Plaintiffs-Appellees have incurred in defending against both of Objectors-Appellants' appeals are unavailing. "An objection even of little merit, can be costly[.]" *In re Hydroxycut Mktg. & Sales Practices Litig.*, Nos. 09-md-2087 BTM (KSC) and 09-cv-1088 BTM (KSC), 2013 WL 5275618, at *5 n.3 (S.D. Cal. Sept. 17, 2013) (cleaned up).

The $15,000 bond amount is reasonable and appropriate in these circumstances.

### a. The $15,000 Bond Was Not Intended As a Barrier to Objectors-Appellants' Appeals, Nor Has It Blocked Them From Pursuing Their Baseless Appeals

Objectors-Appellants argue not only that the District Court erred in calculating the bond amount (disproven above), but also that the bond amount was designed to restrict their ability to appeal. (Objectors-Appellants' Opening Brief, appealing the Order Regarding Appeal Bond p. 26.) To prevail on this baseless argument, Objectors-Appellants must demonstrate that the bond amount will "constitute a barrier to [their] appeal." *In re Cardizem CD Antitrust Litig.*, 391 F.3d at 818. They have not done so.

The cases Objectors-Appellants cite to support their unfounded proposition that the $15,000 bond is an unconstitutional obstacle to their right to appeal are not only inapposite, but in fact support the $15,000 bond amount.

28

For example, Objectors-Appellants reference *Boddie v. Connecticut* to support their claim that a cost requirement, like the $15,000 bond, "may offend the Constitution as applied to a particular case." 401 U.S. 371, 380 (1971). *Boddie* is irrelevant here because it involved litigants who sought judicial dissolution of their marriages and were restricted in their effort to bring a legal action for divorce because they could not pay the court fees and costs. The *Boddie* litigants were "welfare recipients" who had <u>proven</u> that they were indigent to the Court. *Id.* Here, not only have Objectors-Appellants failed to provide any evidence that they are unable to pay the $15,000 bond, but they have also (without any apparent difficulty) fronted their own costs for their objections filed with the District Court and for their two appeals filed with this Court.

*Lindsey v. Normet*, 405 U.S. 56 (1972) and *O'Day v. George Arakelian Farms, Inc.*, 536 F.2d 856 (9th Cir. 1976), hold that a double-bond prerequisite for appealing a lower court's decision is unconstitutional. There is no double-bond requirement here. Also, in *O'Day*, the appellant "by his own admission" was "too impecunious" to afford a bond. 536 F.2d at 860 n. 4. Objectors-Appellants have made no showing or admission whatsoever of their "impecunious[ness]." *Id.*

In *Vaughn v. American Honda Motor Co., Inc.*, the Fifth Circuit reduced the Rule 7 bond amount because the district court set a bond for costs on appeal "based on an estimate of what 'just damages' the appellate court *might* award" if it found

29

the appeal to be frivolous. 507 F.3d 295, 299 (5th Cir. 2007) (emphasis in original). Moreover, the district court's assessment was "not supported by any findings or reference to evidence in the record," nor did appellees assert that a lesser bond amount would be inadequate. *Id.* at 299-300. None of those factors are present here. The District Court properly set the Rule 7 bond in the amount of $15,000 based upon a thorough application of relevant law to the facts of this case. Plaintiffs-Appellees have clearly argued that a bond amount lower than $15,000 would be inadequate in this case.

*In re American President Lines, Inc.* is not analogous because there the district court ordered a bond in an amount that included "attorneys' fees that may be assessed on appeal." 779 F.2d 714, 716 (D.C. Cir. 1985). The District Court did not include attorneys' fees in the bond amount, let alone a speculative attorneys' fees award. Additionally, the district court in *In re American President Lines, Inc.* did not provide a reasoned analysis as to why the imposed bond was appropriate, while the District Court here clearly did engage in such an analysis. *Id.*

Finally, in *Simulnet East Associates v. Ramada Hotel Operating Co.*, this Court held that a visiting district court judge abused its discretion by requiring posting of a $500,000 cost bond five days prior to scheduled commencement of trial. 37 F.3d 573 (9th Cir. 1994). The facts in *Simulnet East Associates* do not remotely resemble the facts here. First, in *Simulnet East Associates*, the visiting district judge

30

"did not apply district court precedent" when setting the bond amount. *Id.* at 576. Second, the case did not involve a Rule 7 bond. *Id.* Third, the litigation was still at the district court and "had proceeded for three years without a request for a bond." *Id.* Fourth, the court "<u>knew</u>" that the plaintiffs could not afford to post the bond and "imposed the bond because of its belief that the defendants would prevail in the jury trial[.]" *Id.* (emphasis added). This case is entirely inapplicable. The District Court's Order Regarding Appeal Bond is well-reasoned and aligns with precedent. The District Court's Order Regarding Appeal Bond was timely and does not deprive Objectors-Appellants of access to this Court. The District Court did not set the bond in an amount that it knew Objectors-Appellants could not afford. Objectors-Appellants have not shown that they are unable to post the $15,000 bond, nor have they combatted the District Court's clear findings that the risk of nonpayment is high and their merits appeal is unfounded.

The bond amount of $15,000 is reasonable and appropriate. Objectors-Appellants have not been deprived of their constitutional right of access to the courts.

### 3. Objectors-Appellants Appeal on the Merits Should Be Dismissed for Their Failure to Proffer Any Amount Toward the Appeal Bond

"[Litigants] cannot ignore an order setting an appeal bond without consequences to [their] appeal[s]." *In re Cardizem CD Antitrust Litig.*, 391 F.3d at 818. Here, Objectors-Appellants have ignored the Order Regarding Appeal Bond.

31

They have provided no justification whatsoever for their failure to post the bond. Disagreeing with the bond or dissatisfaction with the bond amount does not excuse completely ignoring an order from the Court. "Where an appellant has failed to pay an appeal bond, it is within [this Court's] sound discretion to dismiss the appeal." *Azizian*, 499 F.3d at 961. *See, e.g.*, *Myers v. Thompson*, No. 18-36041, 2019 WL 7560431, at *1 (9th Cir. Oct. 21, 2019) (dismissing an appeal for the appellant's failure to pay an appeal bond); *Figure Eight Holdings, LLC*, 534 F. App'x at 671 (holding that the appeal "shall be dismissed" if the appellant does not post the bond ordered by the district court in the full amount within a reasonable time frame).

When considering whether dismissal is appropriate, appellate courts look to factors "such as the prejudice to the other parties, the demonstrated justification for the failure to post the bond, and the merits off the underlying appeal." *In re Cardizem CD Antitrust Litig.*, 391 F.3d at 818 (citing 5 Am.Jur.2d *Appellate Review* § 359 (2004)). None of these factors weighs in Objectors-Appellants' favor.

Plaintiffs-Appellees have clearly articulated the prejudice they have experienced and will continue to experience as they defend against Objectors-Appellants' <u>two meritless appeals</u> without the assurance of repayment of costs on appeal that the ordered $15,000 bond would provide. Objectors-Appellants' pursuit of their untimely and frivolous objections has the practical effect of prejudicing the Settlement Class Members by increasing transaction costs and delaying

disbursement of Settlement funds. *Id.* Moreover, Objectors-Appellants have made no effort in the District Court or in this Court to justify their failure to post the $15,000 bond. They have submitted no evidence showing that they are unable to post the $15,000 bond, nor have they made a good faith proffer of a lesser amount.

Given these considerations, dismissal of the merits appeal and an affirmance of the Order Regarding Appeal Bond are appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiffs-Appellees respectfully request that the Court affirm the District Court's Order Regarding Appeal Bond, requiring Objectors-Appellants to post a $15,000.00 appeal bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure.

Also for the foregoing reasons, Plaintiffs-Appellees respectfully request that the Court exercise its sound discretion to dismiss Objectors-Appellants' merits appeal in its entirety due to Objectors-Appellants' failure to post a $15,000 bond.

Dated:  February 21, 2025                                    Respectfully submitted,

                                                            **BRADLEY/GROMBACHER LLP**

                                                            /s/ Kiley L. Grombacher
                                                               Kiley L. Grombacher
                                                               *Counsel for Plaintiffs-Appellees*

33

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | No. 24-6906

I am the attorney or self-represented party.

**This brief contains** | 7,621 | **words,** including | | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    ☐ it is a joint brief submitted by separately represented parties.

    ☐ a party or parties are filing a single brief in response to multiple briefs.

    ☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated | | .

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ Kiley L. Grombacher | **Date** | February 21, 2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                                          *Rev. 12/01/22*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 21, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:  February 21, 2025          BRADLEY/GROMBACHER LL*P*

/s/ Kiley L. Grombacher
Kiley L. Grombacher
*Counsel Plaintiffs-Appellees*